UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| COURTNEY M. DESIREY, et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13 CV 881 RWS |
| | ) | |
| SANDALS RESORTS INTERNATIONAL, LTD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Defendant Sandals Resort International, Ltd.'s motion to dismiss for lack of personal jurisdiction and insufficient service of process under Federal Rule of Civil Procedure 12(b)(2) and (5). For the reasons set out below, I will grant Defendant's motion to dismiss for lack of personal jurisdiction.

## **Background**

This case arises out of a dune buggy accident that occurred on the island nation of St. Lucia. Plaintiffs Courtney M. DeSirey and Stephen M. DeSirey, both residents of Missouri, reserved a vacation at the Sandals Regency St. Lucia from March 19, 2013, to March 24, 2013. On March 22, 2013, Plaintiffs participated in a dune buggy excursion offered by the resort. Plaintiffs allege that the dune buggy's brakes malfunctioned, resulting in the dune buggy crashing and the Plaintiffs sustaining serious injuries.

Plaintiffs filed this diversity action in the Eastern District of Missouri against Defendants Sandals Resorts International, Ltd. ("Sandals") and Unique Vacations, Inc. ("Unique"). Plaintiffs claim their injuries are the result of defendants' negligence. Sandals is a Jamaican corporation with its headquarters and principal place of business located in Jamaica. Unique is a

1

Delaware corporation with its principal place of business located in in Florida.

Sandals moves to dismiss Plaintiffs complaint for lack of personal jurisdiction and insufficient service of process under Federal Rule of Civil Procedure 12(b)(2) and (5). Sandals argues that it is not subject to personal jurisdiction in Missouri because it is a Jamaican corporation without the minimum contacts necessary for the Court to exercise jurisdiction.

**Legal Standard**

When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists. K-V Pharmaceutical Co. v. J. Uriach & CIA, S.A, 648 F.3d 588, 591–92 (8th Cir. 2011). To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant. Id. at 591. A plaintiff's prima facie showing "must be tested, not by pleadings alone, but by affidavits and exhibits supporting or opposing the motion." Id. at 592 (internal quotation marks and citation omitted). Although a court must view evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction. Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., 646 F.3d 589, 592 (8th. Cir. 2011); Epps v. Stewart, 327 F.3d 642, 647 (8th. Cir. 2003).

Personal jurisdiction can be specific or general. " 'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction ... refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.' " Miller v. Nippon Carbon Co., 528 F.3d 1087, 1091 (8th Cir. 2008) (alterations in original) (quoting Bell

Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 819 (8th Cir. 1994)). Here, Plaintiffs assert that Sandals is subject to both specific and general personal jurisdiction, either of which would allow the case to proceed.

**Discussion**

For a federal court to exercise specific personal jurisdiction over a nonresident defendant, jurisdiction must be authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment. See Dever v. Hentzen Coatings, Inc., 300 F.3d 1070, 1073 (8th Cir. 2004).[1] In Missouri, specific personal jurisdiction is authorized only to the extent that "the [cause of] action arose out of an activity covered by [Missouri's] long-arm statute." Conway v. Royalite Plastics, Ltd., 12 S.W.3d 314, 318 (Mo. banc 2000). Missouri's long-arm statute authorizes personal jurisdiction over defendants who, inter alia, transact business, make a contract, or commit a tort within the state. Mo.Rev.Stat. § 506.500.1. "These individual categories are construed broadly, such that if a defendant commits one of the acts specified in the long-arm statute, the statute will be interpreted 'to provide for jurisdiction, within

---

[1] Previously, the Eight Circuit has collapsed these two inquiries into the single inquiry of whether asserting jurisdiction violates the Due Process Clause. See, e.g., Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (conducting only due process analysis after noting that "the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause"). However, the Eight Circuit recently directed district courts to conduct a two-step analysis because the more recent decisions of the Missouri Supreme Court analyze the two questions separately. Myers v. Casino Queen, 689 F.3d 904 (8th Cir. 2012)(citing Bryant v. Smith Interior Design Grp., 310 S.W.3d 227, 231 (Mo. 2010) ("First, the court inquires whether the defendant's conduct satisfies Missouri's long-arm statute. If so, the court next evaluates whether ... asserting personal jurisdiction over the defendant comports with due process." (internal citations omitted)). The Myers decision also adopted a foreseeability standard to be applied when evaluating whether Missouri's long-arm stature covers a tortious act occurring in another state. Myers, 689 F.3d at 911 ("If a defendant can reasonably foresee his or her negligent actions having consequences felt in Missouri, jurisdiction is authorized."). However, because the due process inquiry is ultimately dispositive, not whether Sandals' conduct satisfies the Missouri long-arm statute, I will focus my analysis on whether asserting jurisdiction violates the Due Process Clause. Viasystems, Inc., 646 F.3d at 593 n. 2.

the specific categories enumerated in the statute, to the full extent permitted by the Due Process Clause.'" Viasystems, 646 F.3d at 593 (quoting State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner, 677 S.W.2d 325, 327 (Mo. 1984). Missouri's long-arm statute has been interpreted as covering "extraterritorial acts that yield consequences in Missouri." Furminator, Inc. v. Wahba, No. 4:10CV01941 AGF, 2011 WL 3847390 at *2 (E.D. Mo. Aug. 29, 2011) (quoting Bryant, 310 S.W.3d at 232.

Even if personal jurisdiction over a defendant is authorized by the forum state's long-arm statute, jurisdiction can be asserted only if permitted by the Due Process Clause. World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). Due process requires that the defendant purposefully establish "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The defendant must have engaged in "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 482 (1985). The purposeful availment requirement is met where the "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id. at 474 (quoting World–Wide Volkswagen Corp., 444 U.S. at 297).

The Eighth Circuit established a five factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. Romak, 384 F.3d at 984. The five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. Id. The first three factors are of

"primary importance," while the last two factors are of "secondary importance" and as such are not determinative of personal jurisdiction. Id.

Specific jurisdiction, unlike general jurisdiction, requires that the defendant must purposely direct its activities at residents of the forum state and the litigation "arise[s] out of or relate[s] to" those activities. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984). The Eight Circuit does not restrict the relationship between a defendant's contacts and the cause of action to a proximate cause standard, rather it states that "specific jurisdiction is warranted when the defendant purposely directs its activities at the forum state and the litigation 'result[s] from injuries ... relating to [the defendant's] activities [in the forum state.]'" Myers, 689 F.3d at 912-13 (quoting Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008). "This stance is consistent with other circuits which have focused on the need to adopt a flexible approach when construing the "relate to" aspect of the Supreme Court's standard." Id.

Here, Plaintiffs argue that Sandals purposely directed television advertisements at Missouri residents in an effort to entice Missourians to patronize their resorts, and that Plaintiffs responded to such advertisements by visiting Sandals' website to reserve a vacation at the Sandals Regency St. Lucia, where they were subsequently injured in the dune buggy accident. However, even if I were to find that the alleged contacts with Missouri are sufficiently related to Plaintiffs' cause of action, exercising specific jurisdiction over Sandals would still be inappropriate because Plaintiffs have not shown that Sandals itself is responsible for the contacts. Sandals submitted a declaration from Shawn Levy DaCosta, Sandals' Director of Operations, stating that it conducts no advertising or marketing in Missouri. Sandals maintains that its parent company has a contractual relationship with Unique's parent company whereby Unique is responsible for all marketing and reservation services for Sandals' resorts.

5

Although the sandals.com website is accessible to Missouri residents and can be used to reserve vacations at Sandals' resorts, Plaintiffs offer no evidence showing that Sandals actually owns the domain name or operates the website. Again, DaCosta's declaration maintains that Unique is responsible for all of Sandals' marketing and reservations, and Plaintiffs have not introduced contrary evidence. Without evidence that Sandals controls or operates sandals.com, the website cannot be used to show that Sandals had minimum contacts with Missouri. See Englert v. Alibaba.Com Hong Kong Ltd., No. 4:11CV1560 RWS, 2012 WL 162495, at *3 (E.D. Mo. Jan. 19, 2012) (a company owning a domain name without operating the website is not enough to establish personal jurisdiction); See also Componentone, LLC v. ComponentArt, Inc., No. 02: 05CV1122, 2007 WL 2359827, at *4 (W.D.Pa. Aug.16, 2007) (same).

Plaintiffs urge me to consider Unique to be part of Sandals' "corporate structure" such that Unique's contacts with Missouri are imputed to Sandals for purposes of establishing personal jurisdiction over Sandals. The Eighth Circuit opined that attribution of a subsidiary's conduct to a parent entity for jurisdictional purposes requires a degree of parental control and domination. Viasytems, 646 F.3d at 589. Although not quantifying the degree of parental control and domination required, the Eighth Circuit stated that jurisdiction over a non-resident parent corporation can be based on the actions of a subsidiary corporation "only if the parent so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego." Id. (citing Epps, 327 F.3d at 648-49). In this case there is no evidence regarding Sandals' ownership stake in Unique. See Epps, 327 F.3d at 360 (finding the parent company's ownership interest in the subsidiary too limited to justify subjecting it to personal jurisdiction). Likewise, there is nothing in the record to indicate that Sandals exercises any

6

control over Unique's business practices, much less the degree of control required to impute Unique's contacts with Missouri to Sandals. Plaintiffs' conclusory statements that Unique is part of Sandals' corporate structure are insufficient to support an assertion of personal jurisdiction over Sandals based on Unique's actions.

Plaintiffs also argue that Unique is a "managing or general agent" of Sandals for the purposes of accepting service under Federal Rule of Civil Procedure 4, but this agency theory is unavailing when it comes to establishing personal jurisdiction. See Viasystems, 464 F.3d at 596 ("We are not free to adopt this agency theory because it is inconsistent with our precedent."). Rather than relying on agency theory, the Eight Circuit cases have consistently required a showing of control and domination such that the subsidiary is the parent's alter ego. Id. As discussed above, Plaintiffs have not established that Sandals exercised the degree of control or domination over Unique necessary to impute Unique's conduct to Sandals for the purpose of exercising personal jurisdiction.

The only evidence before me is that Unique is responsible for the alleged contacts with Missouri, and that Sandals has no contact with Missouri whatsoever. Sandals is not registered to conduct business in Missouri, it has never maintained any office in Missouri, and it has no employees in Missouri. Sandals does not directly advertise or solicit business in Missouri. As a result, because Sandals does not have sufficient minimum contacts with Missouri, the exercise of personal jurisdiction over Sandals is not consistent with requirements of due process.[2]

---

[2] Plaintiffs also attempt to argue that this Court has general jurisdiction over Sandals. "Because it extends to causes of action unrelated to the defendant's contacts with the forum state, general jurisdiction over a defendant is subject to a higher due-process threshold." Viasytems, 646 F.3d at 595. To establish general jurisdiction, Plaintiffs must show that Sandals maintained "continuous and systematic general business contacts" with Missouri. See Helicopteros, 466 U.S at 416. However, the only contacts Plaintiffs can point to are contacts by Unique. For the

7

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sandals Resort International, Ltd.'s motion to dismiss [#17] is **GRANTED**. Plaintiffs' complaint against Sandals Resort International, Ltd. is dismissed for lack of personal jurisdiction. Unique Vacations, Inc. remains a defendant in this action.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of November, 2013.

---

reasons set out above, the contacts of Unique cannot be imputed to Sandals in an effort to establish personal jurisdiction. This argument therefore also fails.