UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COURTNEY M. DESIREY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:13 CV 881 RWS |
| ) | |
| UNIQUE VACATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before me on Defendant Unique Vacations, Inc.'s motion to dismiss for forum non conveniens. For the reasons set out below, I will deny Defendant's motion.

## Background

This case arises out of a dune buggy accident that occurred on the island nation of St. Lucia. Plaintiffs Courtney M. DeSirey and Stephen M. DeSirey, both residents of Missouri, made a reservation through Unique Vacations, Inc. to stay at the Sandals Regency St. Lucia from March 19, 2013, to March 24, 2013. On March 22, 2013, the Plaintiffs participated in a dune buggy excursion offered by the resort. Stephen M. Desirey operated the dune buggy and Courtney M. Desirey was a passenger. Plaintiffs allege that the dune buggy's brakes malfunctioned, resulting in the dune buggy crashing and the Plaintiffs sustaining serious injuries.

Plaintiffs filed this diversity action in the Eastern District of Missouri against Defendants Sandals Resorts International, Ltd. ("Sandals") and Unique Vacations, Inc. ("Unique"). Plaintiffs claim their injuries are the result of Defendants' negligence. On November 6, 2013, I dismissed Plaintiffs' complaint against Sandals, a Jamaican corporation with its headquarters and principal place of business located in Jamaica, for lack of personal jurisdiction. Unique, a Delaware corporation with its principal

1

place of business located in in Florida, remains a defendant in this action.

Unique now moves to dismiss this action on the grounds of forum non conveniens, arguing that St. Lucia is the more appropriate forum. Plaintiffs oppose Unique's motion.

## Discussion

### A. Legal Standard

Under the doctrine of forum non conveniens, a district court has broad discretion to dismiss an action over which it has jurisdiction when it appears that the convenience of the parties and the interest of justice weigh in favor of adjudicating the action abroad. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981); Reid–Walen v. Hansen, 933 F.2d 1390, 1394 (8th Cir. 1991). In determining whether an action should be dismissed on forum non conveniens grounds the court must examine: (1) whether an adequate alternative forum is available, and (2) whether the balance of private and public interest factors favors dismissal. See Piper Aircraft, 454 U.S. at 254; Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504 (1947).

The balance of factors must strongly favor the defendant in order to disturb the plaintiff's choice of forum. Reid–Walen, 933 F. 2d at 1394. Therefore, "[t]he defendant has the burden of persuasion in proving all elements necessary for the court to dismiss a claim based on forum non conveniens." Id. at 1393.

### B. Availability of an Adequate Alternative Forum

Ordinarily, an alternative forum is available when the defendant has agreed to submit to the jurisdiction of the alternative court and to waive any statute of limitations defense that might be available. Piper Aircraft, 453 U.S. at 242. Because Unique has consented to jurisdiction and service of process in St. Lucia, I find that St. Lucia provides an available forum for this litigation. [Doc. #12, p. 4].

In De Melo v. Lederle Laboratories, 801 F.2d 1058, 1061 (8th Cir. 1986), the Eighth Circuit held

that if "the alternate forum offers a remedy for the plaintiff's claims, and there is no danger that she will treated unfairly, the foreign forum is adequate." Unique contends that "[t]he St. Lucian courts recognize all of the claims asserted in Plaintiffs' Complaint and damages are recoverable for the alleged injuries." [Doc. #12, p. 4]. In support, Unique provided the affidavit of a St. Lucian attorney who offers adequate assurances that St. Lucia's judicial system, which is based on English common law, is an adequate forum for Plaintiffs' tort claims. [Doc. #32-2]. There is also judicial precedent suggesting that St. Lucia is an adequate forum. See, e.g., Delgado v. Shell Oil Co., 890 F. Supp. 1324, 1365 (S.D.Tex. 1995) (finding that plaintiffs bringing a negligence claim "will not be treated unfairly or deprived of all remedies in the courts of Saint Lucia.").

Plaintiffs argue that Unique has not sufficiently described the laws of St. Lucia so as to ensure that they would have the same rights guaranteed to them in this forum. For example, Unique has not provided information sufficient to determine if Plaintiffs would be afforded a jury trial and access to a contingent fee system. But adequate does not mean equal. Although I am sensitive to the realities, financial and otherwise, that might make it difficult for Plaintiffs if they were forced pursue litigation in St. Lucia, I cannot conclude that St. Lucia is an inadequate forum. See De Melo, 801 F.2d at 1061.

Because I find that St. Lucia is an available and adequate alternative forum for Plaintiffs to pursue their claims against Unique, I must determine whether the private and public interest factors favor dismissal.

### C. Private Interest Factors

Though no list of factors is exhaustive and no one factor is dispositive, the Supreme Court has stated that those private interest factors most relevant to a forum non conveniens determination include: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if

3

view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive," including the enforceability of any judgment that may be rendered. Gulf Oil, 330 U.S. at 508. Courts may also consider the parties' expectations, as well as the defendant's ability to implead additional parties. See Reid–Walen, 933 F.2d at 1398–99.

After giving full consideration to such private interest factors, and recognizing that "jurisdiction should be declined only in 'exceptional circumstances,' " Id. at 1395 (quoting Gulf Oil, 330 U.S. at 504)), I find that the balance of private interest factors does not favor dismissal of Plaintiffs' claims.

### 1. Deference to Plaintiff's Choice of Forum

The U.S. Supreme Court has recognized that deference should be afforded to plaintiff's choice of forum. See Gulf Oil, 330 U.S. at 508. It is also generally recognized that U.S. citizens should not often be denied access to the courts of the United States. Founding Church of Scientology of Washington, D.C. v. Verlag, 536 F.2d 429, 435 (D.C.Cir.1976). Some courts give less deference to the plaintiff's U.S. citizenship where the plaintiff is a U.S. corporation doing foreign business and bringing suit for an injury occurring abroad, Reid–Walen, 933 F.2d at 1395, but that is not the case here where Plaintiffs are private individuals bringing suit for injuries sustained while on vacation abroad.

The fact that Unique is a United States corporation is also relevant. Decisions from other courts have found this factor to be of "great significance" when considering a motion to dismiss for forum non conveniens. See Verlag, 536 F.2d. at 435. A corporation's decision to incorporate in the United States signifies that "in effect [they have] signified their willingness to be sued in American courts." Id.

### 2. Access to Sources of Proof

Unique argues that the vast majority of the evidence required to adjudicate Plaintiffs' claims is located in St. Lucia. Many key witnesses, including five employees of the dune buggy company and the emergency medical personnel who attended to Plaintiffs, are residents St. Lucia and beyond the

compulsory process of this Court. Unique also argues that other participants of the dune buggy tour would likely be called to testify, but it has not provided information regarding the whereabouts of these potential witnesses. Here, Unique has made a general assertion that the Court cannot compel foreign witnesses to testify, but it has failed to allege or offer proof that any witness would be unwilling to cooperate with a trial in the United States. See Gulf Oil, 330 U.S. at 508, 67 (the relevant consideration is the "availability of compulsory process for attendance of *unwilling* ... witnesses.") (emphasis added).

Similarly, Unique argues that resolution of Plaintiffs' claims will require documentary evidence located in St. Lucia, but it fails to identify any specific evidence. Even if documentary evidence does exist in St. Lucia, the burden of obtaining such evidence will certainly be reduced by modern modes of communication and transportation. See Buckley v. Starwood Hotels and Resorts Worldwide, Inc., No. 4:09CV692 JCH, 2009 WL 3531647, at *4 (E.D. Mo. Oct. 27, 2009).

Plaintiffs note that several key witnesses are residents of the United States. Plaintiffs themselves are located in Missouri. Plaintiffs submitted an affidavit showing that after they received initial medical treatment in St. Lucia, they have received additional and continuing care in Missouri. [Doc. #22-2]. The testimony of these Missouri medical personnel would be vital to establishing Plaintiffs' injuries and damages.

In sum, there are individuals from both the United States and St. Lucia who will likely be called as witnesses. In whichever forum the case is tried, witnesses would be required to travel or testify by deposition. See Reid–Walen, 933 F.2d at 1397. And either forum would lack compulsory process over some witnesses. Id. While I am convinced that there are several key witnesses located in St. Lucia, this factor does not weigh heavily in favor of dismissing this case.

### 3. View of the Premises

Although the accident at the center of this case occurred in St. Lucia, Unique does not argue that a view of the premises would be helpful in understanding how the accident occurred and whether Unique was negligent. To the extent parties wish to establish the physical layout of the area where the accident occurred, they could do so accurately through use of aerial photographs and other demonstrative evidence or testimony. Id. at 1398. Accordingly, this factor weighs against dismissal.

### 4. Ability to Implead Third Party Defendants

The Eighth Circuit has also acknowledged the defendant's ability to bring a third-party action against other alleged wrong-doers as a factor to be considered in assessing the parties' private interests. Reid–Walen, 933 F.2d at 1398. Courts considering this factor "have required a showing of actual convenience to the parties, not mere hypothetical discussion about the efficiency of third-party practice." Reid–Walen, 933 F.2d at 1398 (citations omitted). Here, Unique indicates it is likely to implead a third-party. Unique argues that the dune buggie tour operator, a St. Lucian entity, is potentially liable for all of Plaintiffs' damages. Yet Unique would be unable to implead this foreign third-party should Plaintiffs' claims be litigated in this forum. Rather than forcing Unique to institute an indemnity action against the dune bug operator if found liable for Plaintiffs' injuries, it would be more convenient to resolve all claims in one trial. See Piper Aircraft, 454 at 259. This factor weighs slightly in favor of dismissal.

### 5. Expectations of the Parties

Although not part of the formal private interest analysis set out in Gulf Oil, the Eighth Circuit has considered the parties' expectations about where they anticipated a suit would be tried. See Reid–Walen, 933 F.2d at 1399. Unique argues that the Guest Registration Card signed by Plaintiffs, which declares St. Lucia the exclusive forum for litigation, demonstrates that Unique expected to defend this

type of suit in St. Lucia. Without considering the validity of the forum selection clause, I give Unique's argument little weight considering that Sandals, not Unique, requested that Plaintiffs sign the card upon their arrival in St. Lucia.

### 6. Balancing the Private Interest Factors

Each party faces inconvenience no matter where the case is decided. "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil, 330 U.S. at 508. This presumption requires a defendant to present "positive evidence of unusually extreme circumstances" sufficient to convince the Court that a "material injustice is manifest" before denying a U.S. citizen access to the courts of his country. Id. Unique has failed to offer sufficient evidence to rebut this significant presumption, and therefore has not met its burden of persuasion. After balancing the private interest factors and accounting for the strong deference accorded to Plaintiffs' choice of forum, I find that the private interest factors support retaining jurisdiction.

### D. Public Interest Factors

The public interest factors include: 1) the administrative difficulties arising from congested courts; 2) the local interest in having localized controversies decided at home; and 3) the avoidance of unnecessary problems in conflicts of law or the application of foreign law, and the appropriateness of a trial in a forum familiar with the law that will govern the case. Gulf Oil, 330 at 509. Thus, in any forum non conveniens analysis, it is important to balance the interests of the plaintiff's chosen forum with those of the defendant's proposed alternative forum.

St. Lucia certainly has an interest in this case. The accident at the heart of this case occurred in St. Lucia. St. Lucia has an interest in determining tort liability for conduct occurring within its borders. Unique argues that St. Lucia has an increased interest in resolving this controversy because tourism is central to its economy. However, this relatively straightforward tort suit does not automatically become

of broad public interest in St. Lucia merely because it involves the tourism industry. See Reid–Walen, 933 F.2d at 1400 (finding that a "simple, albeit tragic, boating accident" was not a newsworthy event or of broad public interest in Jamaica).

Missouri's interests in this case are also substantial. Plaintiffs are Missouri residents. All parties are United States residents; no parties are St. Lucian. Here, Plaintiffs argue that Unique purposely directed advertisements at Missouri residents in an effort to entice Missourians to patronize their resorts, and that Plaintiffs responded to such advertisements by reserving vacation at the Sandals Regency St. Lucia, where they were subsequently injured in the dune buggy accident. When the defendant has conducted business in Missouri, and when a Missouri resident is injured during the course of his business with the defendant, Missouri and the United States "have an interest in seeing that the plaintiff is provided a convenient local forum, especially when the only alternative forum available to the plaintiff is outside the United States." Lehman v. Humphrey Cayman, Ltd., 713 F.2d 339, 344 (finding that Iowa and the United States had a strong local interest in a wrongful death action brought by a resident of Iowa after the death of her citizen husband resulting from a sailing accident in the Cayman Islands).

The likelihood that St. Lucian law will apply is admittedly a consideration. However, there are no language barriers to the Court's understanding of St. Lucian law and, because St. Lucian law is derived from English common law, it has many similarities to Missouri law. The fact that a federal court may be required to apply foreign law is not dispositive because "[f]ederal courts are quite capable of applying foreign law when required to do so." Lehman, 713 F.2d 839.

Defendants have failed to establish that the public interest factors weigh in favor of dismissal.

8

### E. Conclusion

As discussed above, Unique bears the burden of proving that Plaintiffs' chosen forum is, "oppressive and vexatious to the defendant 'out of all proportion to plaintiff's convenience.'" Reid–Walen, 933 F.2d at 1395 (quoting Koster v. Lumbermens Mut. Casualty Co., 330 U.S. 518, 524 (1947)). After balancing the private and public interest factors, I find that Unique not met its significant burden, and thus has not established that Plaintiffs' Complaint should be dismissed on forum non conveniens grounds.

Accordingly,

**IT IS HEREBY ORDERED** that Unique Vacations, Inc.'s motion to dismiss [#11] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2014.